Alanna KRAUSE, Plaintiff—Appellant,

v.

Marshall W. KRAUSE; Lana Clark, Defendants,

and

Sandra Acevedo; Diamond, Bennington & Simborg, P.C., Defendants— Appellees.

No. 03–17151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided July 5, 2005.

Richard L. Ducote, Becki L. Truscott, Esq., Richard Ducote & Assoc PLC, New Orleans, LA, for Plaintiff-Appellant.

Seth L. Goldstein, Esq., Pacific Grove, CA, Jerome B. Falk, Jr., Esq., Howard, Rice, Nemerovski, Canady, Falk, San Francisco, CA, for Defendants.

James A. Murphy, Esq., Harlan B. Watkins, Esq., James A. Murphy, Esq., Harlan B. Watkins, Esq., Murphy, Pearson, Bradley & Feeney, San Francisco, CA, for Defendants-Appellees.

## MEMORANDUM **

Appellant Alanna Krause appeals the district court's order granting defendant Sandra Acevedo's motion to dismiss on the ground that Acevedo was entitled to quasi-judicial immunity. Acevedo served as Krause's court-appointed attorney for a year during Krause's parents' dissolution proceeding when Krause was a child. When Krause turned eighteen, she instituted the current diversity action in federal court alleging malpractice and intentional infliction of emotional distress among other claims. All of the other parties settled after the district court granted Acevedo's motion to dismiss, leaving that decision as the only issue on appeal.

Because this case is in federal court on the basis of diversity jurisdiction, this court must apply California substantive law. *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir.2003). Under California law, "[i]mmunity exists for judicial actions; those relating to a function normally performed by a judge and where the parties understood they were dealing with the judge in his official capacity." *Howard v. Drapkin*, 222 Cal.App.3d 843, 852 n. 3, 271 Cal.Rptr. 893 (1990) (internal citations and quotations omitted). California courts "have extended absolute judicial immunity to persons other than judges if those persons act in a judicial or quasi-judicial capacity." *Id.* at 853, 271 Cal.Rptr. 893. In addition, " 'nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process' should be given absolute quasi-judicial immunity for damage claims arising from their performance of duties in connection with the judicial process." *Id.* at 857, 271 Cal.Rptr. 893 (quoting *Myers v. Morris*, 810 F.2d 1437, 1466–67 (8th Cir.1987), *abrogated by Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)).

In *Howard*, the California Court of Appeals determined that "guardians ad litem, psychologists and attorneys for children in child abuse actions" are included in the category of those who "fulfill quasi-judicial functions" such that they are entitled to quasi-judicial immunity. 222 Cal.App.3d at 856, 271 Cal.Rptr. 893. In California dissolution proceedings the court is authorized to appoint a private attorney who represents the child's best interests, and as appropriate, communicates the child's

---

preferences to the court. Cal. Fam.Code § 3151(a); *see also* Hon. Josanna Berkow, *Court–Appointed Attorneys for Children,* 1 J. Center Child. Cts. 131, 131 (1999). Thus, it is the role of the court-appointed minor's attorney to "gather facts that bear on the best interests of the child, and present those facts to the court, including the child's wishes when counsel deems it appropriate for consideration by the court." Cal. Fam.Code § 3151(a). Because this role would require the court-appointed minor's attorney to perform similar functions to those which qualified individuals for quasi-judicial immunity in *Howard v. Drapkin,* court-appointed minor's attorneys such as Acevedo are also entitled to immunity under California law.

AFFIRMED.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.